UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHAEL RUFFIN EL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:23CV160-PPS/JEM |
| | ) |
| BRUCE PARENT, LAKE COUNTY, and | ) |
| McCOLLY REAL ESTATE, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Acting without an attorney, Michael Ruffin El filed papers in this court that caused the Clerk to open a miscellaneous action for registration of a foreign judgment. [DE 1 in Cause No. 2:23MC31-JEM.] Also submitted by Ruffin El was a document entitled "Request for Injunctive Relief Order – For Acting Without Subject Matter Jurisdiction." [DE 2 in Cause No. 2:23MC31-JEM.] Noting that requests for injunctive relief must be brought in a civil action rather than a miscellaneous case, Magistrate Judge Martin ordered the Clerk to open this separate civil action in which the "Request for Injunctive Relief" was docketed. [DE 2 in 2:23MC31-JEM; DE 1 in 2:23CV160.] Subsequently Ruffin El has filed a complaint naming as defendants Bruce Parent, who is a Lake County Superior Court Judge, along with Lake County itself and McColly Real Estate. [DE 4 in 2:23CV160.] Now before me are motions to dismiss filed by each of the three defendants [DE 9, 12, 24].

Ruffin El's filings are incoherent puzzles. Below I reproduce the explanation Ruffin El offers of the "Claims and Facts" he asserts in his complaint:

1. A Partition in Kind is generally a no-fault proceeding and is a absolute right absent of waiver. The affiant's ownership is appertaining to Tenancy in Common with the United States executed on December 6th, 1816 in conformity with Section 6 (Third) - Indiana Enabling Act of 1816. Wherein Partition in Kind Action is for 700-860 North Lake Street, Lake County, 46403 - Lake County Recorder Document 2017 000491 ! Injunctive Relief for breach of Contract pertaining to 760-860 North Lake Street

2 Wherein William Ruffin represented Virginia in the Confederation Congress north-west of the of the Ohio River prior to US Settlement (i.e. Virginia Inclusive) Virginia Code 1-303(A)(3)- Interstate Compact with congress consent

3. Wherein United States has exclusive original jurisdiction of civil actions under 28 USC 2409a to quiet title to an estate or interest in real property in which an interest is claimed by the United States. Whereas Lake County, Bruce Parent et al acted without subject matter for registration of foreign judgment an alternative action to bring an action to enforce a foreign judgment by other means.is not impaired - IC § 34-54-11-5

4. A buyer in ordinary course of business (Affiant) takes collateral free of any security interests created by the seller (i.e. United States) pertaining to Section 6 (Third) Indiana Enabling Act. *Collateral pertaining to Indiana Public Roads and Canals (Tenancy in Common Commercial) Reference to Land Patent issued to William Ruffin & Heirs certified District of Northern Indiana

[DE 4 at 2.] There are three additional pages inserted into the form complaint in which Ruffin El attempts to describe the historical underpinnings of William Ruffin's alleged acquisition of the real estate in question. [*Id*. at 4-6.] My best effort to interpret the complaint is that Ruffin El asserts rights to real estate located at 700 - 860 North Lake Street in Gary, Indiana based on title conveyed by the United States to his ancestor William Ruffin in December 1816 just prior to Indiana's admission to the union. Ruffin

El further asserts some mishandling by Judge Parent of an action brought by Ruffin El in Lake County Superior Court concerning the same real estate claim.

Earlier I denied without prejudice Ruffin El's "Request for Injunctive Relief Order – For Acting Without Subject Matter Jurisdiction" [DE 1], observing that "it is frankly unintelligible, particularly in view of the historical references to the Treaty of Greenville, the Treaty of Paris 1783, and a tenancy in common executed with the United States on December 6, 1816." [DE 6 at 2.] In an order dated July 7, 2023 [DE 18], I struck three "Judicial Notices of Adjudicative Fact" [DE 15, 16, 17] filed by Ruffin El. My order delineated the many respects in which Ruffin El's "papers do not conform to the requirements for court filings." [DE 18 at 1.] That order also granted Ruffin El ten days in which to file a properly formatted memorandum in opposition to each defendant's pending motion to dismiss. [DE 18 at 2.] To date, Ruffin El has filed no such opposition. Magistrate Judge Martin has likewise entered orders striking a number of additional documents filed by Ruffin El [DE 22, 27, 28, 29, 31] that failed to comply with applicable procedural requirements. [DE 30, 35.] In so doing, Judge Martin has noted that Ruffin El still has not filed a properly formatted response to any of the pending motions to dismiss. [*Id.*]

**Lack of Subject Matter Jurisdiction – Rule 12(b)(1)**

All three motions to dismiss assert that the complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. Judge Parent's motion begins with an assertion that there is no subject matter jurisdiction based on the application of

3

the *Rooker-Feldman* doctrine. [DE 10 at 2-3.] Defendants Lake County and McColly join in that contention. [DE 14 at 2-3; DE 24 at 2-3.] A party "cannot sue any defendant for the purpose of asking a federal district court to review and correct an adverse state-court judgment." *Hermann v. Dunn County*, 761 Fed.Appx. 647, 650 (7th Cir. 2019). This principle is called the *Rooker-Feldman* doctrine, "under which lower federal courts lack jurisdiction to review state-court judgments or to decide matters inextricably related to state court decisions." *EOR Energy LLC v. Illinois Environmental Protection Agency*, 913 F.3d 660, 664 (7th Cir. 2019), citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983). Under the *Rooker-Feldman* doctrine, the "vital question…is whether the federal plaintiff seeks the alteration of a state court's judgment." *Milchtein v. Chisholm*, 880 F.3d 894, 898 (7th Cir. 2018).

Judge Parent notes that "Ruffin El has had several cases" before him in state court. [DE 10 at 1.] In support of application of *Rooker-Feldman*, Judge Parent suggests that this court "lacks jurisdiction over Plaintiff's claims because they ask this Court to nullify state court judgments entered by Parent." [DE 10 at 3.] As I've indicated, Ruffin El's filings, including his complaint, can only be characterized as baffling. Judge Parent's motion understandably does not attempt a description of Ruffin El's allegations or claims because they are incomprehensible from the document. Obviously Judge Parent is aware of Ruffin El's litigation history in Lake County Superior Court, and construes Ruffin El's complaint here through that lens.

4

"To determine whether an injury was caused by a state-court judgment, we look to 'the *actual injury* claimed by the plaintiff.'" *Lyons*, at *2, quoting *Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008) (emphasis in original). I look to the complaint itself. Ruffin El's garbled and obscure allegations make three references to Judge Parent or proceedings in Lake County Superior Court:

- *Under "Claims and Facts"* – "Whereas Lake County, Bruce Parent et al acted without subject matter for registration of foreign judgment an alternative action to bring an action to enforce a foreign judgment by other means is not impaired - IC §34-54-11-5." [DE 4 at 2.]

- *Under "Relief"* – "Specific Performance: Partition in Kind of Estate in Common at 700-860, North Lake Street Lake County, IN 46403 an Equitable Remedy for Breach of Contract by Lake County Bruc[e] Parent et al pursuant to a US Land Sale executed on December 6th, 1816 in conformity with Section 6 (Third) - Indiana Enabling Act of 1816 – Injunctive Relief for Breach of Contract and acting without subject matter to quiet title to an Estate in Common with United States" [DE 4 at 3.]

- *In an attached unsigned "affidavit"* – "...a 'Document of Title' pertaining to Indiana Enabling Act of 1816 issued to William Ruffin and Heirs (Affiant) ...was destroyed by Bruce Parent of Lake County...." [DE 4 at 4.]

"[D]istrict courts lack jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Lyons v. Gene B. Glick Company, Inc.*, 844 Fed.Appx. 866, 868 (7th Cir. 2021), quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

By failing to file any opposition to the motion to dismiss, Ruffin El has not disputed that his complaint here asks this court to review related state court decisions or decide matters inextricably related to them. Because it appears that Ruffin El asks this

5

court to "effectively nullify" or set aside a state court judgment, there is no federal subject matter jurisdiction over the case. *Mains v. Citibank, N.A.*, 852 F.3d 669, 674 (7th Cir. 2017). The *Rooker-Feldman* doctrine "insures that lower federal courts do not exercise appellate authority over state courts" and "[c]laims that directly seek to set aside a state-court judgment are *de facto* appeals that trigger the doctrine." *Mains,* 852 F.3d at 675. To the extent Ruffin El asks this federal court to overturn the Lake County Circuit Court's judgment, that is "an action we have no jurisdiction to take." *Id*. All three motions to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction will be granted.

**Failure to State a Claim – Rule 12(b)(6)**

Each of the defendants also maintains that Ruffin El's complaint fails to state a claim upon which relief can be granted, and so is subject to dismissal pursuant to Fed.R.Civ.P. 12(b)(6). "[A] dismissal under Rule 12(b)(6) is on the merits,...and a court cannot rule on the merits if it lacks jurisdiction[.]" *Williams v. United States*, No. 22-3121, 2023 WL 5201740, at *2 (7th Cir. Aug. 14, 2023) (internal citations omitted). Having concluded that *Rooker-Feldman* is a jurisdictional bar to Ruffin El's case, I consider the defendants' 12(b)(6) arguments only if my decision to dismiss the case on jurisdictional grounds is found to be incorrect.

To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain enough facts,

6

accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not necessarily require a complaint to contain detailed factual allegations. *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing *Twombly*, 550 U.S. at 556).

I start with the simplest argument first. Ruffin El has named McColly Real Estate as a defendant, but the complaint literally contains no other mention of McColly. As McColly puts it, "Ruffin El's complaint provides no operative facts to explain how McColly acted or participated in the facts of the complaint." [DE 25 at 3.] In the absence of the allegation of any facts that could support liability against McColly, the complaint as against McColly is subject to dismissal under Rule 12(b)(6) for failure to state a claim.

Given the impenetrable nature of Ruffin El's complaint, the Rule 12(b)(6) arguments of Lake County and Judge Parent also succeed. Judge Parent goes so far as to generously construe Ruffin El's cryptic pleading as alleging that Judge Parent is liable to Ruffin El for acting without jurisdiction. [DE 10.] But Judge Parent persuasively argues that the complaint does not contain a short and plain statement of facts sufficient to plausibly support any inference that Judge Parent is liable to Ruffin El (even assuming a justiciable cause of action is possible): "there is no information as to when Judge Parent lacked subject matter jurisdiction," there are "no dates or circumstances," and the complaint "fails to state sufficient information as to the cause or case that would allow

7

Judge Parent to determine what Ruffin El is alleging." [DE 10 at 3.] Defendant Lake County offers a similarly successful argument, noting that "Ruffin El merely references inapplicable treaties and a 19th century tenancy in common in unintelligible fashion which lacks the specificity to state a plausible claim." [DE 14 at 4.] In the absence of a facially plausible claim to relief, Ruffin El's complaint is subject to dismissal under Rule 12(b)(6) even if the court has subject matter jurisdiction.

## Conclusion

For the relief Ruffin El seeks, there is no federal jurisdiction, and no amendment of his pleading on the same grounds could fix that. Alternatively, when a case is dismissed for failure to state a claim, it is usually necessary to permit a plaintiff the opportunity to file an amended complaint. But that is unnecessary here where the amendment would be futile or otherwise unwarranted. *Zimmerman v. Bornick*, 25 F.4th 491, 493-94 (7th Cir. 2022); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.")

**ACCORDINGLY:**

The Motions to Dismiss filed by defendants Bruce Parent [DE 9], Lake County [DE 12] and McColly Real Estate [DE 24] are GRANTED.

The complaint is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. The Clerk shall enter judgment accordingly.

**SO ORDERED**.

ENTERED: September 6, 2023.

          /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT