UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHAEL RUFFIN EL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRUCE PARENT, LAKE COUNTY, and )<br>McCOLLY REAL ESTATE, )<br>)<br>Defendants. ) | 2:23CV160-PPS/JEM |

## OPINION AND ORDER

On September 6, 2023, I issued an opinion granting motions to dismiss this case for lack of subject matter jurisdiction, and the Clerk entered judgment accordingly, closing the case. [DE 36, 37.] On September 27, 2023, I issued an order that denied plaintiff Michael Ruffin El's motions for relief from judgment under Fed.R.Civ.P. 60(b)(1), to the extent certain "Notices" he'd filed [DE 40, 41, 42] might be construed as such motions. [DE 44.] Ruffin El has subsequently filed a document with a caption referring to Fed.R.Civ.P. 60(b)(3). [DE 48.] That rule provision authorizes a motion for relief from a final judgment on grounds of "fraud..., misrepresentation, or misconduct by an opposing party." Ruffin El's new filing bears a title that reads "Fraud Upon Court for Citing Rooker Feldman when United States is a Defendant" in all capital letters. [DE 48 at 1.] As before, I am unable to confidently decipher the meaning of Ruffin El's assertions and argument. The United States is not a party to this case, and an opposing party's legal argument is not shown to constitute fraud, misrepresentation, or

misconduct. Ruffin El's latest filing fails to demonstrate a cogent basis for reconsideration of my previous dispositive analysis.

As I have previously indicated, proceedings in this court are concluded. Ruffin El has been free to seek an appeal if he wishes to advocate that there has been any reversible error in the handling of his case, although I offer no comment about the timeliness of any appeal attempted at this point. All future inappropriate emails and telephone calls from Ruffin El will be disregarded. In addition, the Court may decline to address, or to take any action on, future filings in the court record that fail to comply with applicable procedural requirements and/or fail to present coherent factual or legal argument.

**ACCORDINGLY:**

Plaintiff Michael Ruffin El's filing of October 23, 2023 citing "Rule 60(b)(3)" [DE 48], to the extent it may be CONSTRUED as a motion for relief from judgment under Fed.R.Civ.P. 60(b)(3), is DENIED.

**SO ORDERED**.

ENTERED: October 27, 2023.

　　　　　　　　　　　　　　　　　　___/s/ Philip P. Simon___
　　　　　　　　　　　　　　　　　　PHILIP P. SIMON, JUDGE
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT